**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Guadalupe GOMEZ–PARRA,**
**Defendant–Appellant.**

**No. 13–10119.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2014.*

Filed March 13, 2014.

Camille W. Damm, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Alina Maria Shell, Rene Valladares, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant–Appellant.

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

MEMORANDUM **

Jose Guadalupe Gomez–Parra appeals from the district court's judgment and challenges the 63–month sentence imposed following his guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Gomez–Parra contends that the district court erred by failing to appreciate and explain why it declined to exercise its discretion to vary downward from the Guidelines range to account for the government's failure to move for a third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Effective November 1, 2013, section 3E1.1 was amended to clarify that "[t]he government should not withhold [a motion for reduction for acceptance of responsibility] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. § 3E1.1 cmt. n. 6. The government concedes, and we agree, that Gomez–Parra is entitled to a new sentencing hearing at which the government will move for the third point. Accordingly, we vacate Gomez–Parra's sentence and remand for resentencing.

In light of this disposition, we decline to reach Gomez–Parra's claim that his sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**